**GOVERO v. STANDARD OIL CO.**

No. 14324.

United States Court of Appeals Eighth Circuit.

Dec. 17, 1951.

Will B. Dearing, Hillsboro, Mo. (Dearing & Matthes, Hillsboro, Mo., on the brief), for appellant.

John S. Marsalek, St. Louis, Mo. (Moser, Marsalek, Carpenter, Cleary & Carter, St. Louis, Mo., on the brief), for appellee.

Before SANBORN, WOODROUGH, and JOHNSEN, Circuit Judges.

SANBORN, Circuit Judge. -

This is an appeal from a judgment for the defendant (appellee) in an action brought by the plaintiff (appellant) to recover for personal injuries and property damage resulting from an explosion which occurred on June 7, 1948, in the basement of the gasoline filling station which the plaintiff was operating in Festus, Missouri. The station was owned by the defendant. The plaintiff was in possession and control of the station at the time of the explosion under a written lease dated February 18, 1948, for the term of one year commencing March 1, 1948.

Briefly and generally stated, the claim of the plaintiff was that the explosion was due to an undiscovered underground leak in one of the underground gasoline tanks of the filling station and the seepage of gasoline from this tank into the basement of the filling station. He claimed that this was attributable to the defendant's neglect in failing to discover and to repair the leak and in leaving the tank in an unsafe condition when in February of 1948 the defendant undertook to have the tank repaired after having received from the plaintiff a complaint about the presence of water in the tank and of gasoline fumes in and about the filling station.

The defendant denied that the explosion was due to its negligence; alleged contributory negligence on the part of the plaintiff; and set up as a defense the following covenant of the lease in effect at the time of the explosion: "Lessor, its agents and employees shall not be liable for any loss, damage, injuries, or other casualty of whatsoever kind or by whomsoever caused, to the person or property of anyone (including the Lessee) on or off the premises, arising out of or resulting from the Lessee's use, possession or operation thereof, or from the installation, existence, use, maintenance, condition, repair, alteration, or removal of any equipment thereon, whether due in whole or in part to negligent acts or omissions of the Lessor, its agents or employees; and the Lessee for himself, his heirs, executors, administrators, successors and assigns, hereby agrees to indemnify and hold Lessor, its agents and employees, harmless from and against all claims for such loss, damage, injury or other casualty."

The case was tried to a jury. At the close of the evidence, the defendant moved for a directed verdict. The motion was denied, and the issues were submitted to the jury. The jurors were unable to agree, and were discharged. The defendant thereafter moved for judgment against the plaintiff in accordance with its motion for a directed verdict; this pursuant to Rule 50(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. The District Court granted the motion upon the ground that the above quoted covenant of the lease barred the plaintiff from recovering against the defendant. This appeal followed.

It is unnecessary to state the facts in detail, since all that the District Court has decided is that the covenant in suit barred the plaintiff's claim. We may, therefore, assume for the purposes of this opinion that if the court's decision is erroneous the issues of negligence, contributory negligence and proximate cause would be for a jury to determine. It is only in exceptional cases that this Court will con-

sider questions not ruled upon by a District Court. Trapp v. Metropolitan Life Insurance Co., 8 Cir., 70 F.2d 976, 981 and cases cited.

The evidence disclosed that the tests and repairs which the defendant caused to be made upon the underground tanks were made before the middle of February, 1948, and prior to the date of the lease which was in effect at the time of the explosion; that at the time the repairs were made the plaintiff was occupying the filling station under a prior lease with the defendant which did not contain a covenant such as that in suit; that, under the subsequent lease of February 18, 1948, the plaintiff agreed that he knew the condition of the premises, had received them in good order and repair, and that no representations as to their condition or repair had been made by the defendant, and also agreed to keep the premises in good repair, and that the lease gave to him the exclusive control of the business and activities conducted upon the leased premises.

The contention of the plaintiff is that if the explosion of June 7, 1948, was, as he claims, attributable to a negligent act or omission of the defendant antedating the lease of February 18, 1948, then the covenant of that lease relieving the defendant from liability for loss, damage, injuries, or other casualty arising out of or resulting from the repair of equipment, "whether due in whole or in part to negligent acts or omissions of the Lessor," would not be a bar to the plaintiff's claim. In other words, the plaintiff's theory is that the covenant should be construed as it would be construed if it had contained a proviso making the covenant inapplicable to any loss, damage or injury occurring during the term of the lease which was attributable to a negligent act or omission of the lessor occurring prior to the effective date of the lease.

■ The applicable law is that of Missouri. The plaintiff necessarily has the burden of demonstrating that the District Court erred in ruling that under Missouri law the covenant in suit barred his claim. See Western Casualty & Surety Co. v. Coleman, 8 Cir., 186 F.2d 40, 43 and cases cited. The plaintiff cites no Missouri case to support his contention that the covenant was not a bar to his claim. He says that the District Court's construction of the clause of the covenant in suit "does violence to all precepts of justice and the end result would be that no contract could be declared void as being against public policy."

■ But covenants or clauses such as that in suit are valid in Missouri, as this Court has recognized in Sinclair Refining Co. v. Stevens, 8 Cir., 123 F.2d 186, 192. Pertinent Missouri cases are cited in the opinion in that case on pages 189 and 190. See also, Terminal R. Ass'n of St. Louis v. Ralston-Purina Co., 352 Mo. 1013, 1020–1022, 180 S.W.2d 693, 696–697; Rodier v. Kline's Inc., 226 Mo.App. 474, 476–479, 47 S.W.2d 230, 232–233; Gralnick v. Magid, 292 Mo. 391, 399–401, 238 S.W. 132, 134–135, 28 A.L.R. 1530; St. Louis & Suburban Railway Co. v. Stewart, Mo.Sup., 187 S.W. 836, 837, 839. Compare, Santa Fe, Prescott & Phoenix Railway Co. v. Grant Brothers Construction Co., 228 U.S. 177, 33 S.Ct. 474, 57 L.Ed. 787; Baltimore & Ohio Southwestern Railway Co. v. Voigt, 176 U.S. 498, 20 S.Ct. 385, 44 L.Ed. 560; Hartford Fire Insurance Co. v. Chicago, Milwaukee & St. Paul Railway Co., 175 U.S. 91, 20 S.Ct. 33, 44 L.Ed. 84; Sunlight Carbon Co. v. St. Louis & San Francisco R. Co., 8 Cir., 15 F.2d 802, 805–806.

■ The only question, then, about which there can be any doubt is whether, under Missouri law, the covenant in suit is applicable to damage and injuries sustained by the lessee during the term of the lease but which resulted from a negligent omission of the lessor antedating the lease. It is possible that the courts of Missouri might rule that a covenant such as that in suit would not protect the lessor against future results of past negligence, but, so far as we are advised, those courts have not done so. After all, a negligent omission does not become actionable unless and until it results in injury.

■ We know of no public policy which would prevent a landlord and a tenant from agreeing that the tenant should assume, and agree to indemnify the landlord against, the risk of loss, damage and injuries occur-

ring on the premises during the term of the lease, whether due to the negligence of the landlord or not. As the Supreme Court of the United States said in Santa Fe, Prescott & Phoenix Railway Co. v. Grant Brothers Construction Co., supra, page 188 of 228 U.S., page 478 of 33 S.Ct., 57 L.Ed. 787: "* * * There is no rule of public policy which denies effect to their [the contracting parties'] expressed intention, but, on the contrary, as the matter lies within the range of permissible agreement, the highest public policy is found in the enforcement of the contract which was actually made."

We think the District Court was warranted in concluding that the covenant in suit was to be given effect in accordance with its terms and that it precluded the plaintiff from recovering for the injuries and damage caused him by the explosion of June 7, 1948.

The judgment is affirmed.