**J. L. THOMAS, Plaintiff-Respondent,**

v.

**SKELLY OIL COMPANY, a Corporation, Defendant-Appellant.**

No. 23221.

Kansas City Court of Appeals.

Missouri.

Dec. 5, 1960.

Sam C. Oliver, Tulsa, Okl., Sam D. Parker, Kansas City, Lathrop, Righter, Gorden & Parker, Kansas City, of counsel, for appellant.

David R. Hardy and David H. Clark, Kansas City, Frank J. Quigley, Tipton, for respondent.

SPERRY, Commissioner.

Plaintiff, owner of a building which was being used as a gasoline service station, sued defendant for damages to the property caused by exploding gasoline and fire. The cause was tried to the Court on an agreed statement of facts and judgment was for plaintiff for $12,500. Defendant appeals.

It was stipulated that plaintiff, referred to as "Dealer", entered into a "Loaned Equipment Agreement" with defendant, referred to therein as Company, which was in effect at the time the loss occurred. That instrument contained the following pertinent provision:

"The Dealer will indemnify and save the Company harmless from and against all liability for loss, damage, injury, or other casualty to persons or property caused or resulting from any leakage, fire or explosion of gasoline stored in or handled through said

equipment, or otherwise, or caused or resulting from the installation or maintenance of such equipment and appliances, or caused or resulting from the misdelivery, mingling, or other improper handling of products sold and dispensed through said equipment, or from said premises, whether such loss, or injury be to the Dealer, his employees, or any other person or to the property of the Dealer, or of any other person or corporation."

It was also stipulated that, prior to July 26, 1955 (when the loss occurred), water was discovered in one of the underground gasoline storage tanks, this tank being a part of the "Loaned Equipment" referred to in the agreement; that defendant undertook to, and did, install two new underground storage tanks, removed the pump connections from the old tanks, filled them with water and left them in place; that, before filling the tanks with water, defendant's agent failed to cap or plug the fuel pipes leading from them and, as a result, gasoline from the tanks was forced out by the water, passed out through the pipes and eventually found its way to the basement of the building where it was ignited, thereby causing plaintiff's damage. It was further stipulated that the damage was caused by the negligence of defendant's agent, and that it is in the amount of $12,500.

Defendant says that it is not liable in this case because of the indemnity provisions of the "Loaned Equipment Agreement." Plaintiff contends that that contract does not render defendant immune to liability for damages due to its own negligence. Our decision turns on that question.

In 27 Am.Juris. 460, Par. 9, it is said:

"The authorities are conflicting as to the validity of an agreement to indemnify against the negligence of the indemnitee, the majority holding such a contract to be void. This, however, is not always the case, * * *;"

and, at Page 464, Par. 15, the following appears:

"It is well settled that a contract of indemnity will not be construed to indemnify the indemnitee against losses resulting to him through his own negligent acts, *where such intention is not expressed in unequivocal terms*. Public policy has been said to require such contracts to be restricted rather than extended, and the liability of the indemnitor is regarded as so hazardous, and the character of the indemnity so unusual, that *there can be no presumption* that the indemnitor intended to assume it in the absence of express stipulation, * * *." (Emphasis ours.)

In Missouri, parties may legally bind themselves to indemnify against liability for future acts of negligence. Sinclair Refining Co. v. Stevens, 8 Cir., 123 F.2d 186, 189; Kansas City Stock Yards Co. v. A. Reich & Sons, Mo., 250 S.W.2d 692, 698.

However, to be binding on the adverse party, the contract must *clearly* indicate that such indemnity provisions apply in cases of damage resulting from the negligent acts of the party claiming the benefits of the contract. Meyer Jewelry Co. v. Professional Building Co. (K.C.), Mo.App., 307 S.W.2d 517, 521. There we said: "In line with the great weight of authority we hold that since the lease does not in plain terms exonerate the appellant-landlord from its own acts of negligence, it does not bar plaintiff's claims." In Missouri District Tel. Co. v. Southwestern Bell Tel. Co., 338 Mo. 692, 93 S.W.2d 19, 28 (en banc), the Supreme Court said: "It is well settled that a contract of indemnity will not be construed to indemnify the indemnitee [agent] against losses resulting to him through his own negligent acts, *where such intention is not expressed in unequivocal* terms." (Emphasis ours.)

The contract before us does not clearly and in unequivocal terms provide that defendant shall be indemnified or saved harmless from liability resulting from its own negligence.

Defendant relies chiefly on three cases cited in its main brief. In Terminal Ry. Ass'n of St. Louis v. Ralston-Purina Co., 352 Mo. 1013, 180 S.W.2d 693, 694, one of plaintiff's employees was killed when crushed between a box car and a structure built and maintained by defendant on its premises adjacent to plaintiff's industrial track. The structure was closer to the track than was provided for under a contract existing between the parties. The indemnity contract provided that: "Industry shall save and hold harmless the Railroad from all loss * * * caused by obstructions being closer" to the track than specified in the contract. It was conceded that plaintiff had also been guilty of negligence contributing to the death of its employee. In holding for plaintiff the Court said of the indemnity contract: "* * * it is susceptible of only one reasonable construction, and that is that it covers the loss sustained by plaintiff in the Uhl case, even though that loss was caused in part by plaintiff's own negligence." The contract, unequivocally, covered the specific loss sustained.

In Sinclair Refining Co. v. Stevens, 8 Cir., 123 F.2d 186, 189, the indemnity contract involved contained the following language: "* * * or by reason of any other casualty, *whether due to the negligence of Sinclair or otherwise*." That is clear and unequivocal language. Likewise, in Govero v. Standard Oil Company, 8 Cir., 192 F.2d 962, 963, the indemnity contract involved clearly and specifically covered casualties resulting from negligent acts of defendant. None of the three decisions chiefly relied on by defendant governs the case at bar.

The judgment should be affirmed. It is so ordered.

MAUGHMER, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the Court. All concur.