William DORLAQUE, et al., Plaintiffs,

v.

NORFOLK AND WESTERN RAILWAY COMPANY, Defendant and Third-Party Plaintiff,

v.

KAPLAN LUMBER· COMPANY, INC., a corporation, Third-Party Defendant.

No. 80–1005C(B).

United States District Court,
E. D. Missouri, E. D.

June 30, 1981.

---

Rex Burlison, O'Fallon, Mo., for plaintiffs.

Albert Schoenbeck, St. Louis, Mo., for defendant and third-party plaintiff.

Richard Funsch, St. Louis, Mo., for Kaplan.

## MEMORANDUM AND ORDER

REGAN, District Judge.

Norfolk and Western Railway Company, the defendant in this suit, has filed a third-party complaint against Kaplan Lumber Company. This matter is before the Court on Kaplan's motion for summary judgment on this third-party complaint.

In this action, plaintiff, William Dorlaque, seeks recovery for personal injuries which resulted when the vehicle in which he was sitting was struck by a railroad locomotive being operated by the defendant, Norfolk and Western Railway Company. Norfolk and Western seeks indemnity from Kaplan on the basis of a written Siding Agreement between the parties.

The Siding Agreement between Kaplan and defendant provides in part as follows:

"The Industry [Kaplan] will indemnify and hold harmless the Railway for loss, damage or injury *from any act or omission of the industry*, its employees or agents, to the person or property of any other person or corporation while on or about said track; and if any claim or liability other than fire arises from the joint or concurring negligence of both parties hereto it shall be borne by them equally."

Prior to this suit, plaintiff William Dorlaque filed a workmen's compensation claim against Kaplan as his employer and was awarded and paid compensation. The signed receipt indicated that payment was made by Crown Homes Corporation and the insurer.

It is undisputed that Crown Homes was a wholly owned subsidiary of Kaplan and that Crown Homes was using the railroad siding in question with the approval of Kaplan and the Railway.

Kaplan argues that it has no liability to Norfolk and Western because it was the plaintiff's employer and has paid the workmen's compensation claim of the plaintiff pursuant to RSMo. 287.120.1 and thus is released from any further liability. The Railway maintains that Kaplan's liability for indemnity is contractual and thus not barred by the Act. It further contends that Kaplan was not William Dorlaque's employer and so may not rely on the statutory release.

Regardless of whether or not plaintiff was employed by Kaplan, it is our opinion that third-party defendant Kaplan is entitled to summary judgment. If plaintiff was an employee of Kaplan the statutory release from further liability applies as provided for in the Workmen's Compensation Act. If plaintiff was not an employee of Kaplan then no duty was owed to the plaintiff by Kaplan.

Missouri's Workmen's Compensation statute, Section 287.120 RSMo., provides for liability of the employer, irrespective of negligence, for the personal injury of an employee by accident arising out of and in the course of his employment. This section also dictates that the employer shall be released from all other liability therefor, whether to the employee or to any other person.

Defendant asserts that the above release does not bar this third-party complaint because it is based on a contractual indemnification agreement between the Railway and Kaplan. This exception to the statutory release of liability was set out in *McDonnell Aircraft Corporation v. Hartman-Hanks-Walsh Painting Co.*, 323 S.W.2d 788 (Mo. 1959). In *McDonnell*, "The court allowed

the non-employer defendant to maintain an indemnity action against the employer of the injured employee but only on the basis that the employer defendant (Hartman) had breached a duty it expressly agreed (contracted) to perform with the non-employer (McDonnell)." The quoted language is from *State ex rel. Maryland Heights Concrete Contractors, Inc. v. Ferriss*, 588 S.W.2d 489, 490 (Mo.Banc.1979). Such a ruling does not hold the employer liable for the personal injury of his employee but instead holds him liable for the breach of an independent duty to a third-party which the employer expressly agreed to perform. The court added that "(t)he rationale of the *McDonnell* case, supra, supports the conclusion that aside from the exception noted therein, the employer is not liable to the non-employer defendant for *any* sums that non-employer party is liable for to the injured plaintiff *in tort*."

In *McDonnell*, the court recognized that as to another's employees, McDonnell had a non-delegable duty with respect to the condition of its premises where they were to work and a duty to warn those employees of any condition unknown to them, that was not safe or could not be made safe. Hartman (employer) and McDonnell (non-employer) by *express agreement* agreed that Hartman would take all steps necessary for the full instruction of its employees as to the existence and locations of such hazards and conditions. In so doing, *Hartman expressly assumed the duty to warn and instruct its painters of the existence of dangerous high voltage power lines.*

The Railway has amended its pleadings in an attempt to bring itself within the exception set out in *McDonnell*. They have alleged that Kaplan breached an agreement with the Railway by failing to warn the plaintiff of the approaching train and by permitting or causing their employees to park their vehicles on or near the tracks when they knew or should have known it was dangerous to do so. A motion for summary judgment is not decided on the pleadings alone, however, The existence of material fact issues is determined by reference to pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits submitted.

An inspection of all the relevant materials confirms that no agreement between Kaplan and the Railway exists wherein Kaplan agreed to undertake any duty of the Railway. Kaplan made no agreement with the Railway which obligated it to warn the plaintiff of approaching trains or to prevent its employees from parking on or near the tracks. Even if such duties existed on the part of Kaplan, they would run from the employer to its employees and not to a third party. There is a vast difference between an employer who has a duty towards its employees and an employer who undertakes to perform a duty towards its employees for the benefit of a third party. Because Kaplan did not expressly agree with the Railway to assume and perform any duties of the Railway, there can be no breach which would allow recovery under the indemnity contract.

The employer in *McDonnell* had agreed to perform the duty of warning and protecting its employees, and having failed to do so, was held liable to the non-employer for breach of the agreement. No such agreement exists in this case. Paragraph 14 of the Siding Agreement is an indemnity agreement and nothing more. This Siding Agreement was drafted by the Railway and as such will be construed against the Railway. No duties of the Railway were undertaken by Kaplan due to this agreement and therefore this case does not fit within the *McDonnell* exception.

Also, this indemnity clause does not constitute an agreement to indemnify the Railway against results of the Railway's own negligence. See this Court's Memorandum and Order of May 14, 1981.

The Railway also contends that if the plaintiff was not an employee of Kaplan's the statutory release of liability does not apply. In our judgment, this finding would not alter the ultimate result. Even in the absence of this statutory release of liability, there still must exist a duty which Kaplan owed to the plaintiff, which Kaplan would

had to have breached causing the plaintiff's injuries. Insofar as we are able to ascertain from all of the materials on file, we find no basis for the existence of any duty owed by Kaplan to a non-employee (plaintiff). Nor is there any basis for finding any negligent acts or omissions by Kaplan which could have causally contributed to the plaintiff's injuries. Kaplan did not undertake any duty towards the plaintiff, nor have we been directed to any duty that would exist between Kaplan and the plaintiff due to plaintiff's status as a non-employee.

Thus, regardless of plaintiff's status, whether employee or non-employee, there exists no genuine issue as to the determinative facts respecting the claim of third-party plaintiff against third-party defendant. The motion for summary judgment by third-party defendant should be and it is hereby sustained. Judgment will be entered accordingly.