Mary L. BONENBERGER, Plaintiff,

v.

ASSOCIATED DRY GOODS CO.,
Defendant/Third Party
Plaintiff-Appellant,

v.

SELIGMAN & LATZ, INC., Third Party
Defendant-Respondent.

No. 52804.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 8, 1987.

Motion for Rehearing and/or Transfer
Denied Oct. 6, 1987.

Application to Transfer Denied
Nov. 17, 1987.

Jeffrey L. Cramer, St. Louis, for defendant/third party plaintiff-appellant.

John A. Michener, St. Louis, for third party defendant-respondent.

PUDLOWSKI, Presiding Judge.

Associated Dry Goods Company appeals from the dismissal of its third party action against respondent, Seligman & Latz, Incorporated. Appellant, Associated Dry Goods, is the lessor of premises leased to respondent Seligman & Latz, Incorporated for use as a beauty salon. The original action was brought against appellant by plaintiff Mary L. Bonenberger, an employee of respondent, after she fell in the salon.

After plaintiff fell, she received benefits from respondent, Seligman & Latz, Inc., under the Workers' Compensation Act. She then filed this action against appellant, Associated, asserting that appellant had acted negligently in failing to properly maintain the premises. Its liability, if any, has yet to be determined. However, appellant filed its third party action against Seligman & Latz, the lessee, alleging that, under the lease, respondent is contractually required to indemnify it for any liability arising from injuries to respondents' employees or customers.

The lease states:

> Licensee [lessee, Seligman & Latz] agrees to defend Licensor [lessor, Associated Dry Goods], and hold it harmless from any and all claims, demands, losses, damages, suits, actions, judgments, awards or penalties arising from Licensee's operation of its business, including but not limited to, ..., any act or injury suffered by Licensee's employees or customers....

The third-party action was filed by leave of court on December 17, 1986. Respondent, Seligman & Latz, filed its motion to dismiss and/or strike appellant's third-party petition on the basis that it was protected and released from liability under the Missouri Workers' Compensation Act; specifically under the provisions of Section 287.120.1 RSMo 1978. Respondent also claims that the license or lease between it and appellant did not provide a clear and unequivocal agreement to indemnify appellant from appellant's, own acts of negligence.

On January 27, 1987, the motion to dismiss the third-party was heard and decided in favor of respondent Seligman & Latz. On February 5, 1987, the circuit court ordered that its January 27, decree be vacated and replaced with a new order again sustaining respondent's motion to dismiss, but also designating the order under Rule 81.06 of the Missouri Rules of Civil Procedure, as final for purposes of appeal. It is from the February 5, 1987 order that appellant, Associated Dry Goods, appeals contending that the third-party action is not barred by the Workers' Compensation Act and that the clear language of the lease gives rise to a right on the part of appellant to a defense and indemnification by respondent. Respondent contends that the trial court erred in designating its order as final for purposes of appeal, and that the appeal is premature. We disagree with the contentions of both parties to this appeal and affirm the trial court's dismissal of appellant's third-party claim.

■ Rule 81.06 places the discretion to designate as final the dismissal of a claim with the trial court where other issues remain to be decided in the case. The Missouri Supreme Court's recent ruling in *Speck v. Union Electric Company*, 731 S.W.2d 16 (Mo. banc 1987) makes it clear that appellate courts are not to "second guess" trial courts' exercise of that discre-

tion. This court can review only for abuses of discretion.

> Judicial discretion is abused only where the trial court's ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and to indicate a lack of careful consideration. *Shirrell v. Missouri Edison Co.*, 535 S.W.2d 446, 448 (Mo. banc 1976). If reasonable men could differ as to the propriety of the action, it cannot be said the trial court abused its discretion. *Id.*

*Speck v. Union Electric*, at 22.

■ In the case before us, we cannot say that the trial court abused its discretion. The dismissal of the third-party petition leaves no issue pending between appellant and respondent; and the designation of the dismissal order as a final judgment for purposes of appeal did not prejudice respondent. We consider the order as a final judgment without making the *de novo* inquiry, which respondent seeks, into whether or not the order should have been designated final.

■ We address the issue of whether Section 287.120.1 RSMo 1986 exempts respondent from any possible liability. In support of the position that it does, respondent points to the statute which provides:

> Every employer subject to the provisions of this chapter shall be liable irrespective of negligence, to furnish compensation under the provisions of this chapter for personal injuries arising out of and in the course of his employment, *and shall be released from all other liability therefor whatsoever to the employee or any other person....*

Section 287.120.1 RSMo 1986. However, in *McDonnell Air Corporation v. Hartman Hanks-Walsh P. Company*, 323 S.W.2d 788 (Mo.1959), the Missouri Supreme Court held that the language *"therefor whatsoever"*

> means all other liability 'for personal injuries or death of the employee;' and does not mean liability for breach of an independent duty or obligation owed to a third party.... Since such third parties

receive no benefit from the compensation act ... in the absence of an express provision in the Act, it does not seem proper to hold that, by implication, this Act has taken from them rights which they had before.

*McDonnell Air Corp.*, 323 S.W.2d at 796. Therefore, the answer to the first question raised by appellant's brief is that the Workers' Compensation Act does allow an employer to be contractually responsible to a third party if the third party is found to be negligent. However, the crucial issue here is whether respondent did contractually agree to provide indemnification where the basis of liability asserted in the action against appellant was appellant's own negligence.

■ This is not a case of first impression. The courts which have addressed this question, including this one, have held that " 'where any doubt exists as to the intention of the parties,' courts in Missouri will not construe a contract of indemnity to indemnify against the indemnitee's own negligence." *Parks v. Union Carbide Corporation v. Chemline Corporation*, 602 S.W.2d 188, 190 (Mo banc 1980), quoting *Southwestern Bell Telephone Co. v. J.A. Tobin Construction Company*, 536 S.W.2d 881, 885 (Mo.App.1976). A contract of indemnity will not be construed to indemnify against losses resulting from the indemnitee's own acts unless the intention to so indemnify is expressed in "unequivocal terms." *Thomas v. Skelly Oil Company*, 344 S.W.2d 320, 322 (Mo.App.1960), citing *Missouri District Telegraph Co. v. Southwestern Bell Telephone Co.*, 338 Mo. 692, 93 S.W.2d 19, 28 (Mo. banc 1935).

■ *Thomas* held the following provision not to contain such unequivocal terms where the company was allegedly negligent:

> The Dealer will indemnify and save the Company harmless from and against all liability for loss, damage, injury, or other casualty to persons or property caused or resulting from any leakage, fire or explosion of gasoline stored in or handled through said equipment or otherwise.

*Thomas v. Skelly Oil, supra,* 344 S.W.2d at 321. In *Commerce Trust Co. v. Katz Drug Co.,* 552 S.W.2d 323 (Mo.App.1977), the following language was found not to be specific enough to indemnify Commerce for its own negligence:

> Tenant shall, throughout the entire term of this lease, indemnify, protect, and defend the Landlord [Commerce Trust Company] from and against claims for damages or injury of whatever kind or character to persons or property, howsoever caused, in or about the leased premises.

*Commerce Trust Co. v. Katz Drug Co.,* 552 S.W.2d at 325. In *Asher v. Broadway-Valentine Center, Inc.* 691 S.W.2d 478 at 484 (Mo.App.1985) the Western District examined the following language "lessee shall protect, indemnify and save harmless the lessor against all damage or claims for damage ... on account of claims for injuries of any kind whatever." The court stated that "mere general, broad and all-inclusive language in the indemnifying agreement [as is the case here] is not sufficient to impose liability for the indemnitee's own negligence." *Asher v. Broadway-Valentine,* 691 S.W.2d 478, 484 (Mo.App.1985) (bracketed material in original).[1]

We have considered the language of the above cited cases in comparison with the language before us and we conclude that the language of the agreement[2] does not unequivocally mean that respondent agreed to indemnify appellant if appellant is established to have contributed to plaintiff's injuries through its own negligence.

There is no claim by plaintiff that because of her employer's actions appellant is liable. Her action against appellant is based solely on her contention that appellant's own negligence resulted in or contributed to her injuries. We have concluded that the language of the indemnity agreement did not provide indemnity against the appellant lessor's own acts of negligence. We therefore conclude that there is no basis, given the provisions of Section 287.120.1 RSMo 1986, for finding an obligation on respondent's part to indemnify appellant. The third-party action was thus properly dismissed.

The trial court's order dismissing the third-party action is affirmed.

CRANDALL and KAROHL, JJ., concur.

---

1. For an example of a case where the indemnity agreement did contain the necessary language *see, Missouri Pacific Railroad Company v. Rental Storage & Transit Company,* 524 S.W.2d 898, 908 (Mo.App.1975).

2. Licensee [lessee, respondent] agrees to defend Licensor [lessor, appellant] ... from any and all claims ... arising from *Licensee's operation of its business....*" [Emphasis added].