**MISSOURI PACIFIC RAILROAD COMPANY, Appellant,**

v.

**GENERAL MILLS, INC., Respondent.**

**No. WD 38977.**

Missouri Court of Appeals,
Western District.

Nov. 3, 1987.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 29, 1987.

Application to Transfer Denied
Feb. 17, 1988.

James Erwin, St. Louis, Richard L. Martin, Steven M. Leigh, Kansas City, for appellant.

E. Wayne Taff, Steven J. Quinn, Kansas City, for respondent.

Before KENNEDY, C.J., and SHANGLER and LOWENSTEIN, JJ.

LOWENSTEIN, Judge.

This case involves an appeal from the granting of a motion to dismiss the petition for indemnity and contribution of Missouri Pacific. An employee of the respondent General Mills was injured working on a Missouri Pacific boxcar. After filing a Workers' Compensation claim against his employer, the employee filed a negligence petition against Missouri Pacific. By third party petition Missouri Pacific sought indemnification or contribution from General Mills. Missouri Pacific settled with the employee for $315,000 on the tort claim which alleged a defective door on a Missouri Pacific boxcar had come loose and fallen on the employee.

General Mills in supporting the trial court's action relies on statutory language which makes employers immune from liability as to third parties. Missouri Pacific on appeal states it did have a valid claim against General Mills based on a contract between them, called an Industrial Track Agreement.

According to Missouri Worker's Compensation Law, employers are liable irrespective of negligence to provide compensation for an employee's injury or death which arises out of and in the course of employment, but the *employer* is *released* from *all other liability, whether to the employee or any other person. See,* § 287.120.1, RSMo 1986. An exception to this immunity has been recognized where the employer owes an independent contractual obligation to indemnify a third party for losses caused by the employer's acts or omissions.

The exception was recognized by the Missouri Supreme Court in *McDonnell Aircraft Corp. v. Hartman–Hanks–Walsh Painting Co.,* 323 S.W.2d 788 (Mo.1959). In *McDonnell,* the painting company employee was injured while working on McDonnell's plant. *Id.* at 790. The court found that the painting company negligently failed to perform a duty it had agreed to perform; a duty that absent the agreement McDonnell owed to the painting company employee. *Id.* at 794. The court noted:

[T]hat both parties "entered into such painting contract cognizant of such hazards ...";  that agents of both parties "did undertake a tour of the McDonnell plant and did identify and locate the existence of all such hazards and dangers to the individual painters ...";  that Hartman "did agree to take all steps necessary for the full instruction of its employees as to the existence and location of such hazards ... and to take and perform all necessary instructions and precautions for their safety and protection ... including an obligation ... to instruct each of said painting employees as to the location and existence of such hazards...."

*Id.* at 791–92.

Because of this assumption of duty, the court allowed a claim for indemnity by McDonnell against the employee's tort claim against McDonnell. *Id.* at 794. The court reasoned that the compensation statutes release from liability did not mean liability for breach of an independent duty or obligation owed to a third party by an employer. *Id.* at 796. The court held that the painting company could be liable to McDonnell for losses caused by a breach of duty to McDonnell. *Id.*

The supreme court reiterated the requirements for the exception in *State ex rel. Maryland Heights Concrete Contractors, Inc. v. Ferriss,* 588 S.W.2d 489 (Mo. banc 1979). The court noted that a non-employer defendant could maintain an indemnity action against an employer, "but only on the basis that the employer defendant ... had breached a duty it expressly

agreed (contracted) to perform with the non-employer...." *Id.* at 490.

Attempting to come under this exception, Missouri Pacific relies on language from an Industrial Track Agreement operative between these parties at the time of the accident. The pertinent language states:

> Shipper also agrees to indemnify and hold harmless the carrier for loss, damage, or injury from any act or omission of Shipper, Shipper's employes or agents, to the person or property of the parties hereto and their employes and to the person or property of any other person or corporation, while on or about Switch; and if any claim or liability other than from fire shall arise from joint or concurring negligence of both parties hereto it shall be borne by them equally. ("Shipper" refers to General Mills, Missouri Pacific is the "carrier" and the "switch" refers to the tracks in question.)

This court is not persuaded that the agreement is sufficient to avoid the statutory immunity of § 287.120.1, *supra.* Missouri Pacific's third-party petition alleges the negligence of General Mills and its employees as the cause of the original plaintiff's injuries. Missouri Pacific admits in its reply brief to this court that Missouri Pacific owed a non-delegable duty to the employees of General Mills to provide a reasonably safe railroad car or to warn them of any defects in the care of which it is aware. Missouri Pacific does not allege, and indeed cannot given the general language in the agreement between the parties, that General Mills has assumed any duty to instruct or warn its employees of the potential consequences from a defective boxcar. In *McDonnell*, the court identified the duties specifically assumed by the painting company as part of the contract, including instruction as to the existence and location of hazards, as well as instruction and precautions for safety and protection. 323 S.W. 2d at 791–92. Here, Missouri Pacific alleges negligence as to duties it has no evidence of General Mills assuming. The general language of the indemnity provisions are simply inadequate to shift responsibility and liability for a defective boxcar to General Mills.

The United States District Court for the Eastern District of Missouri reached a similar result in construing a similar track agreement. In *Dorlaque v. Norfolk & Western Ry. Co.*, 520 F.Supp. 50, 51 (E.D. Mo.1981), the railroad claimed the employer's liability was contractual and thus not barred by the statute. The court cited *McDonnell* and concluded that because the employer had not expressly agreed to assume and perform any duties of the railway, there could be no breach which would allow recovery under the indemnity contract. 520 F.Supp. at 52. The court noted the "vast difference between an employer who has a duty towards it employees and an employer who undertakes to perform a duty towards its employees for the benefit of a third party." *Id.* As stated by the court:

> The employer in *McDonnell* had agreed to perform the duty of warning and protecting its employees, and having failed to do so, was held liable to the non-employer for breach of the agreement. No such agreement exists in this case. Paragraph 14 of the Siding Agreement is an indemnity agreement and nothing more. This Siding Agreement was drafted by the Railway and as such will be construed against the Railway. No duties of the Railway were undertaken by Kaplan due to this agreement and therefore this case does not fit within the McDonnell exception.

*Id.* Similarly, the case at bar does not fit within the exception. Because Missouri Pacific has not shown that General Mills expressly assumed by contract any specific and express duties for the benefit of Missouri Pacific, the contract is, as the trial court held, insufficient to avoid the immunity from liability granted by the Workers' Compensation statute.

The judgment of the trial court dismissing the third-party petition is affirmed.