UNITED STATES of America for the use of UNITED STATES ELEVATOR CORPORATION, Appellant,

v.

FRU–CON CONSTRUCTION CORPORATION; Insurance Company of North America, Appellees.

No. 88–2598.

United States Court of Appeals, Eighth Circuit.

Submitted June 15, 1989.

Decided Dec. 6, 1989.

Stephen D. Hoyne, St. Louis, Mo., for appellant.

F. Douglas O'Leary, St. Louis, Mo, for appellees.

Before JOHN R. GIBSON and WOLLMAN, Circuit Judges, and FLOYD R. GIBSON, Senior Circuit Judge.

JOHN R. GIBSON, Circuit Judge.

United States Elevator Corporation appeals from a summary judgment entered in favor of Fru–Con Construction Corporation and the Insurance Company of North America. U.S. Elevator sued Fru–Con and the Insurance Company of North America, as Fru–Con's bonding company, under the Miller Act, 40 U.S.C. §§ 270a to 270d (1982 & Supp. V 1987), to recover amounts unpaid under a construction contract between Fru–Con, as general contractor, and U.S. Elevator, as subcontractor. U.S. Elevator refused to indemnify Fru–Con in litigation arising out of an accident during the construction project. The contract required U.S. Elevator to defend and indemnify Fru–Con in claims arising out of performance of the contract, unless the claim resulted "solely and proximately from the negligent or willful acts or omissions" of Fru–Con. The district court[1] held that the claim did not arise solely from the negligent or willful acts of Fru–Con, that U.S. Elevator was required to defend and indemnify Fru–Con, and that Fru–Con was entitled to withhold payment. U.S. Elevator appeals, asserting primarily that the district court erred in refusing to hold that the Missouri workers' compensation statute discharged its contractual obligation to Fru–Con. We affirm the judgment of the district court.

Fru–Con contracted with the United States to construct a federal building in St. Louis. Fru–Con then subcontracted with U.S. Elevator to install elevators in the building. The subcontract provided that U.S. Elevator would defend and indemnify Fru–Con from all claims arising out of performance of the subcontract "save and except such claims, demands, suits or damages which might result solely and proximately from the negligent or willful acts or omissions" of Fru–Con.[2] The contract also required U.S. Elevator to indemnify Fru–Con for any loss resulting from U.S. Elevator's failure to comply with the Occupational Safety and Health Act.

On March 13, 1985, two U.S. Elevator employees, Randle Graves and Perry Noelker, were installing an elevator at the construction site when the elevator slipped and fell six stories. As a result of the fall, Graves died and Noelker was injured. OSHA officials investigated the accident and cited U.S. Elevator for failing to provide safety cables, safety belts, and lanyards, and for failing to instruct its employees on safe work practices.

Graves' widow filed a claim under the Missouri workers' compensation statute and received benefits from U.S. Elevator. Then, as special administrator of the estate, she filed suit for wrongful death against U.S. Elevator and Hollister–Whitney Elevator Corporation, the manufacturer of the governor which controlled the speed of the elevator's ascent and descent, in the Circuit Court of Madison County,

---

1. The Honorable William L. Hungate, United States District Judge for the Eastern District of Missouri.

2. The contract provided:

   Subcontractor [Elevator Corporation] agrees to indemnify, defend and save Contractor [Fru–Con] and Owner harmless from any and all real or spurious claims, demands, suits, damages, ... litigation expenses, court costs, attorney fees, costs and expenses of whatsoever kind or nature, including without limiting the generality of the foregoing, claims arising out of injuries to persons (including death resulting therefrom) and damage to property and property rights, including Contractor's and Owner's property and property rights, whether arising before or after completion of Subcontractor's work hereunder, when the same, in whole or in part, are in any manner connected with, result from or in any way arise out of the execution or performance of this Subcontract by Subcontractor, its subcontractors, suppliers, invitees or others acting for the benefit of the work to be performed hereunder, and their respective agents, servants, and employees, save and except such claims, demands, suits or damages which might result solely and proximately from the negligent or willful acts or omissions of the Contractor, the Owner, their servants, agents, employees or representatives.

Illinois. The court dismissed with prejudice the claim against U.S. Elevator, holding that it was immunized from further liability to Graves by the workers' compensation statute. Graves then added Fru-Con as a defendant on the basis that it allegedly retained control of the construction site and negligently permitted various unsafe work practices at the site. Fru-Con demanded that U.S. Elevator defend and indemnify it in the pending suit. When U.S. Elevator refused to do so, Fru-Con refused to pay the balance due under the subcontract, an amount agreed to be $31,793. U.S. Elevator filed this action in district court and both parties filed cross-motions for summary judgment.

The district court recited the facts above and made these additional references to the record. Both U.S. Elevator's construction supervisor and its foreman on the project agreed that U.S. Elevator and its employees, rather than Fru-Con, made all decisions with respect to the installation of the elevators, and that Fru-Con had no control over construction, adjustment, or maintenance of the elevator. Fru-Con had neither control nor authority over Graves or Noelker at the time of the accident, and U.S. Elevator did not make a practice of consulting with Fru-Con regarding the installation of the elevators. The foreman stated that the accident was caused by human error on the part of Graves and Noelker, and that the two employees had not followed proper safety procedures. Both the foreman and the construction supervisor agreed that Fru-Con had not contributed to the accident in any manner and could not have done anything to avoid the accident.

The district court examined the terms of the indemnity agreement and, on the basis of the facts before it, concluded that there was no basis for a claim that the accident arose "solely ... from the negligent or willful acts" of Fru-Con. Therefore, it found that U.S. Elevator had breached the indemnity agreement and also possibly the provision relating to OSHA violations. Accordingly, the court found it proper for Fru-Con to withhold further payments on the subcontract until U.S. Elevator agreed to defend and indemnify Fru-Con in the pending Graves litigation.

## I.

U.S. Elevator argues that the Missouri workers' compensation statute releases it from "all other liability therefor whatsoever, whether to the employee or any other person," Mo.Rev.Stat. § 287.120.1 (1986), after it satisfies its statutory obligation to the injured employees. It urges that this statute discharges any duty it has to defend and indemnify Fru-Con, and that the district court erred in failing to so hold. Fru-Con asserts that U.S. Elevator did not raise this defense below, but the Missouri decisions which U.S. Elevator bases this argument upon were cited in its briefing in the district court.

In a diversity action, "we give great weight to the district court's interpretation of state law." *G.A. Imports v. Subaru Mid-America*, 799 F.2d 1200, 1205 (8th Cir. 1986). U.S. Elevator's argument concerning the effect of the workers' compensation statute on the construction subcontract is without merit. While the statute releases employers from liability to the employee and third parties for injuries arising in the course of employment if the employer compensates the injured employee in accordance with the statute, Mo.Rev.Stat. § 287.120.1, the statute does not shield an employer from liability for breach of an independent contractual duty to indemnify a third party. *McDonnell Aircraft Corp. v. Hartman-Hanks-Walsh Painting Co.*, 323 S.W.2d 788, 796 (Mo.1959). *See also Bonenberger v. Associated Dry Goods Co.*, 738 S.W.2d 598, 600 (Mo.Ct.App.1987) (holding that the Missouri workers' compensation statute "does allow an employer to be contractually responsible to a third party [even] if the third party is found to be negligent").

The *McDonnell* principle was further refined in *Parks v. Union Carbide Corp.*, 602 S.W.2d 188 (Mo.1980) (en banc), which held that, in analyzing the contractual duty to indemnify, the dispositive question is whether the contract expresses a clear and

unequivocal intent by the employer to indemnify the third party for injuries caused by the third party's negligence. *Id.* at 188–89. A long line of Missouri cases support this principle. *See State ex el. Maryland Heights Concrete Contractors v. Ferriss,* 588 S.W.2d 489, 490 (Mo.1979) (en banc); *Missouri Pac. R.R. v. General Mills,* 743 S.W.2d 433, 434 (Mo.Ct.App. 1987); *Bonenberger,* 738 S.W.2d at 600; *Martin v. Fulton Iron Works Co.,* 640 S.W.2d 491, 496 (Mo.Ct.App.1982).

"[M]ere general, broad and all-inclusive language in the indemnifying agreement ... is not sufficient to impose liability for the [third party's] own negligence." *Bonenberger,* 738 S.W.2d at 601 (quoting *Asher v. Broadway–Valentine,* 691 S.W.2d 478, 484 (Mo.Ct.App.1985)). The contractual language before us is not couched in such generalities, however, and clearly and unequivocally requires U.S. Elevator to indemnify Fru–Con for all claims related to performance of the contract and states that the duty to indemnify will be excused only where the injuries "result solely and proximately from the negligent or willful acts or omissions" of Fru–Con.

The district court relied upon *Allen v. Kaiser Aluminum & Chemical Corp.,* 585 F.Supp. 154 (E.D.Mo.1984), containing a similar indemnity provision. *Allen* held that, "To find that [the third party] was not the *sole* cause of the accident the [court] need only find that there was another contributing cause to the accident, however slight." *Id.* at 157 (emphasis in original). The district court did not err in applying this reasoning. Even assuming that there was some negligence on the part of Fru–Con, the record indicates that Elevator's acts and omissions were "another contributing cause to the accident." *Id.* While the Graves complaint may *allege* negligence solely on the part of Fru–Con, the district court did not err in concluding, on the record before it, that any negligence of Fru–Con was not the *sole* cause of the accident. There was evidence that the injured employees were solely under the supervision of U.S. Elevator, that Fru–Con had no authority to supervise them, that Fru–Con had no control over the elevator installation, and that Fru–Con was not consulted by U.S. Elevator about the elevator installation. Under these circumstances, it cannot be said that any acts or omissions of Fru–Con were the *sole* cause of the accident. In such a situation, U.S. Elevator clearly and unequivocally agreed to indemnify Fru–Con.

## II.

U.S. Elevator asserts that the contractual provision regarding OSHA violations does not require it to defend and indemnify Fru–Con in the Graves suit. We need not reach this argument. We note, however, that OSHA cited U.S. Elevator for numerous violations related to unsafe work practices. These violations provide further support for the district court's finding that Fru–Con could not have solely caused the accident because U.S. Elevator's acts and omissions were a contributing cause.

## III.

Finally, U.S. Elevator argues that the district court abused its discretion by refusing to dismiss without prejudice Fru–Con's counterclaim seeking a declaration of rights under the indemnity provision. The pending Graves suit may resolve whether there was any negligence on the part of Fru–Con, but the pleadings in that suit do not raise the issue central to the indemnity duty: whether Fru–Con's alleged negligence was the *sole* cause of the accident.[3] The district court properly declared Fru–Con's rights on this issue.

## IV.

In sum, we are not convinced that there was any error on the part of the district court. Accordingly, we affirm its judgment.

---

**3.** U.S. Elevator has moved to supplement the record by including a deposition taken in the Graves case, but this was not before the district court and does not bear upon whether Fru–Con was solely negligent. The motion is denied.