Joseph M. ROGERS; Merlyn
S. Rogers, Plaintiffs,

v.

FEDERAL EXPRESS CORPORATION,
Defendant.

FEDERAL EXPRESS CORPORATION,
Third Party Plaintiff–Appellant,

v.

BARON AVIATION, INC., Third
Party Defendant–Appellee.

No. 93–2725.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 11, 1994.

Decided April 5, 1994.

Martin K. LaPointe, Chicago, IL, argued (Robert C. von Ohlen and John B. Austin, on the brief), for appellant.

Donald E. Woody, Springfield, MO, argued, for appellee.

Before BOWMAN, Circuit Judge, BRIGHT and ROSS, Senior Circuit Judges.

BRIGHT, Senior Circuit Judge.

Joseph Rogers, a pilot for Baron Aviation (Baron), sued the Federal Express Corporation (FEC) after sustaining injuries while exiting a DC–3 aircraft leased to Baron by FEC. FEC filed a third-party complaint against Baron seeking contractual indemnity under the airplane lease for any portion of Joseph and Merlyn Rogers' (the Rogers) damages caused by Baron. After the district court determined that Baron owed no contractual duty to indemnify FEC, FEC settled with the Rogers, reserving its right to appeal the district court's adverse contractual indemnity determination.

FEC now appeals the judgment dismissing its third-party complaint, contending that the district court erred in granting Baron's motion for summary judgment based on a determination as a matter of law that no contractual indemnity existed under the DC–3 lease agreement and applicable Missouri law. We reverse and remand for further proceedings.

## I. BACKGROUND

On March 30, 1989, in Tennessee, Baron and FEC entered into a contract entitled "Aircraft Wet Lease Agreement" (hereinafter "Wet Lease"). In the Wet Lease, FEC agreed to lease Baron a DC–3 aircraft, and Baron agreed to indemnify FEC against any loss caused by Baron's negligence in operating the DC–3. The Wet Lease also contained a choice of law provision stipulating that Tennessee law would govern any disputes arising under the lease.

On April 25, 1989, Baron pilot Joseph Rogers landed the DC–3 at the Memphis Airport. As Rogers deplaned, an FEC-owned 727 aircraft taxied near the DC–3's gate. Suddenly, the DC–3's door broke loose and knocked Rogers to the ground. Rogers suffered injuries from the fall.

Baron, a Missouri corporation, provided benefits to Mr. Rogers through the Missouri Workers' Compensation Statute. Mr. Rogers' workers' compensation claim barred him from bringing a separate action against Baron.[1] Rogers and his wife, however, sued FEC in Missouri state court, claiming FEC's negligent operation of its 727 caused Rogers' injuries. Specifically, the Rogers alleged that excessive thrust emitted by the 727 produced a burst of wind which unhinged the DC–3's door and caused Rogers' fall.

After FEC removed the action to the Western District of Missouri based on diversity jurisdiction,[2] FEC denied all of the Rogers' claims and raised several affirmative defenses, including Rogers' negligence, Rogers' assumption of risk, and Baron's negligence. FEC also filed a third-party complaint in

---

1. Mo.Rev.Stat. § 287.120.1 (1986) provides, in relevant part, that:

 Every employer subject to the [workers' compensation] provisions ... for personal injury or death of the employee by accident arising out of and in the course of his employment, and shall be released from all other liability therefor whatsoever, whether to the employee or any other person.

2. Rogers is a Missouri citizen. FEC is incorporated in Delaware and has its principal place of business in Tennessee.

diversity against Baron. In its third-party complaint FEC alleged that Baron's negligence caused or contributed to Mr. Rogers' injuries. FEC, therefore, sought contractual indemnity from Baron under the Wet Lease for any portion of Mr. Rogers' injuries attributable to Baron's negligence.[3]

On September 12, 1991, the district court granted Baron's motion for summary judgment on FEC's third-party claim. The district court determined that while the indemnity clause in the Wet Lease clearly indemnified FEC against losses due to Baron's negligence,[4] it did not override the immunity granted under the workers' compensation statute because "the agreement does not go so far as to indemnify FEC against claims based on FEC's negligence." Order of the District Court, Sept. 12, 1991, at 6.

On August 21, 1992, the district judge transferred this case to a magistrate judge to consider FEC's motion for reconsideration. FEC's motion requested the court to apply Tennessee law (rather than Missouri law) to both the Rogers' claims and the issue of Baron's contractual obligation to indemnify FEC. FEC argued that because the accident occurred in Tennessee, Tennessee law should apply.[5] The magistrate judge determined Missouri law applied and rejected FEC's claim for indemnity.

FEC then settled with the Rogers for $160,000. After settlement, the magistrate judge dismissed all claims, including FEC's third-party claim. FEC, however, reserved its right to bring this appeal challenging the judgment dismissing its third-party claim against Baron.

## II. DISCUSSION

### A. Standard of Review

FEC's appeal on the existence of contractual indemnity presents no disputed issues of fact.[6] We review de novo the district court's legal conclusions. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986); *see also United States ex rel. Glass v. Medtronic, Inc.*, 957 F.2d 605, 607 (8th Cir. 1992).

### B. FEC's Claim for Indemnity

FEC contends that Baron contractually obligated itself under Section 8 of the Wet Lease to indemnify FEC for Baron's negligence in operating the leased DC–3. FEC argues that the district court erred in denying FEC the opportunity to prove that Baron's negligence caused or contributed to cause Rogers' injuries.[7]

The district court construed the Rogers' complaint, which alleged negligence on the part of FEC only, to mean that FEC alone could be held liable for the Rogers' damages. From that inference the district court reasoned that FEC's third-party complaint against Baron actually constituted a claim for indemnification for *FEC's own* negligence. Because the Wet Lease contained

---

**3.** FEC does not challenge the district court's grant of summary judgment in favor of Baron on Count I of FEC's complaint, which alleged negligence by Baron and sought *common law* indemnification and contribution based on that negligence. FEC appeals the district court's determination as to *contractual* indemnity only.

**4.** In Section 8 of the Wet Lease, entitled "Lessor's Indemnification," Baron assumed the following indemnity obligation:

> The Lessor [Baron] hereby assumes responsibility for and agrees to indemnify, defend and hold harmless the Lessee [FEC], its officers, directors and employees from and against any and all claims, actions, losses, damages, expenses, judgments and costs (including reasonable attorneys' fees and costs) resulting from or arising out of ... the death of or injury to any person, caused by or arising from the

intentional or negligent acts or omissions of the Lessor [Baron], its officers, employees, agents, contractors or subcontractors.

Wet Lease, Section 8, subsection (a).

**5.** Tennessee follows a modified comparative fault approach, whereby a plaintiff may recover so long as his fault is less than defendant's. *McIntyre v. Balentine*, 833 S.W.2d 52 (Tenn.1992). In contrast, Missouri follows a pure comparative approach, reducing a plaintiff's recovery in proportion to his percentage of fault. Mo.Rev.Stat. § 537.765 (1989).

**6.** However, should a remedy exist under contractual indemnity, the district court will need to resolve the underlying question of whether Baron's negligence caused Rogers' injuries.

**7.** The full text of Section 8 appears *supra*, note 4.

no provision indemnifying FEC for its own negligence, the district court denied FEC's claim. *See Bonenberger v. Associated Dry Goods Co.*, 738 S.W.2d 598 (Mo.Ct.App.1987) (an agreement to indemnify an indemnitee against its own negligence can only exist where there is no doubt that the parties intended such a duty).

The district court erred in concluding that FEC's third-party complaint sought indemnity from Baron for FEC's own negligence. In fact, FEC sought indemnity for only that degree of fault attributable to *Baron's* negligence. The mere fact that the Rogers targeted their complaints at FEC only does not establish that their injuries were caused solely by FEC's negligence. The Rogers, as explained earlier, could plead negligence against only FEC because Missouri's Workers' Compensation provisions, Mo.Rev.Stat. § 287.120.1, barred any claim against Baron.

 The district court also erred in failing to observe that under Missouri case law, a court may require an employer owing an independent contractual obligation to indemnify a third party for losses caused by the employer's acts or omissions. *Missouri P. R.R. v. General Mills, Inc.*, 743 S.W.2d 433, 434 (Mo.Ct.App.1987); *McDonnell Aircraft Corp. v. Hartman–Hanks–Walsh Painting Co.*, 323 S.W.2d 788, 796 (Mo.1959).

We note that Tennessee's Workers' Compensation Statute contains a provision which expressly acknowledges an employer's option to agree contractually to indemnify a third party for the employer's negligent acts:

[T]his section shall not be construed to preclude third party indemnity actions against an employer who has expressly contracted to indemnify such third party.

Tenn.Code Ann. § 50–6–108. Thus, regardless of whether Missouri or Tennessee law applies, Baron's acceptance of the indemnification clause in Section 8 of the Wet Lease clearly created an independent contractual obligation on its part to indemnify FEC, a third party, for any liability caused by Baron's own negligence.

In sum, FEC has a right to enforce its indemnity agreement by proving that Baron's negligence in whole or in part caused the Rogers' losses. FEC may recover from Baron to the extent that Rogers' injuries were caused by Baron's negligence.

**C. Applicable Law**

 FEC also appeals the district court's determination that Missouri law applies to the case. FEC makes two arguments. First, it argues that Section 12 of the Wet Lease, which stipulates that Tennessee law shall govern any disputes, controls. Section 12(e) of the Wet Lease provides:

*Section 12. Miscellaneous.*

. . . .

(e) This Lease is entered into in Tennessee and shall be governed by and construed according to the laws of Tennessee.

Second, FEC argues that the tort occurred in Tennessee and that FEC is a domiciliary of Tennessee.

Because both Tennessee and Missouri would enforce provisions of the indemnity agreement against the third party, it does not seem to us that application of Tennessee law or Missouri law makes any difference in deciding the instant appeal. Although choice of law might make a difference if plaintiff's negligence were still at issue, due to Missouri and Tennessee's differing comparative fault statutes, *see* note 3, *supra*, the only remaining dispute concerns what portion of FEC's good-faith settlement with the Rogers, if any, is attributable to the fault of third-party defendant Baron. The parties may direct any remaining arguments concerning choice of law to the district court on remand.[8]

**III. CONCLUSION**

We reverse the district court's order granting summary judgment and dismissing FEC's third-party complaint against Baron,

---

8. Appellant at oral argument asserted that its indemnity claim includes counsel fees in defense of the Rogers' claim against FEC. That issue is not presented on this appeal. However, we must observe the questionable nature of such a claim inasmuch as FEC defended against charges relating solely to FEC's negligence.

and remand this case for further proceedings consistent with this opinion.