**INDUSTRIAL RISK INSURERS,**
**Appellant,**

v.

**INTERNATIONAL DESIGN & MANUFACTURING, INC., Respondent,**

v.

**DETROIT TOOL AND ENGINEERING CO., Appellant.**

**No. 19187.**

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 5, 1994.

Craig A. Smith, Daniel, Clampett, Lilley, Dalton, Powell & Cunningham, Springfield, for appellant.

JoAnne Spears Jackson, Yates, Mauck, Bohrer, Elliff, Croessmann & Wieland, P.C., Springfield, for respondent.

MONTGOMERY, Judge.

Appellant Detroit Tool and Engineering Co., ("Tenant") and Respondent International Design & Manufacturing, Inc., ("Landlord") negotiated and executed a lease of a building for use by Tenant as a storage facility. The provision of the lease germane to this appeal is:

"IDM assumes no responsibility for the contents stored in the building or on the premises or liabilities resulting from the actions of employees or agents of DTE. DTE must extended [sic] its umbrella liability to include these premises and hold harmless IDM, Inc."

During the term of the lease a water leak which damaged Tenant's property occurred inside the building. Appellant Industrial Risk Insurers ("Insurer"), Tenant's property and casualty insurer, paid Tenant for its loss. Tenant assigned to Insurer its right to recover from Landlord in exchange for payment of the damages.

Insurer filed a petition, followed by a first amended petition, against Landlord in the Circuit Court of Laclede County to recover Tenant's damages. Landlord answered and filed a third party petition against Tenant for indemnity for any loss sustained as a result of Insurer's claim.

Landlord later filed a motion for summary judgment asserting that the language in the lease released Landlord from any liability or responsibility for damage to the contents of the building. Landlord alleged that the lease language barred Insurer's claim and that Landlord was entitled to indemnity from Tenant for any loss.

The trial court granted Landlord's motion for summary judgment, holding that by the terms of the lease agreement Landlord neither assumed nor otherwise had responsibility for the contents stored in the leased building. The trial court also held that Landlord was entitled to indemnity by Tenant.

This appeal presents the issue whether the trial court erred in granting Landlord's motion for summary judgment which was based on the affirmative defense of contractual release. Landlord argues that the exculpatory language in the lease agreement bars Insurer's cause of action. Insurer argues that the exculpatory clause does not relieve Landlord of liability for damages occurring as a result of Landlord's own negligence, as Insurer alleged in its first amended petition.

*ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371,

376 (Mo. banc 1993), sets forth the applicable standard of appellate review as follows:

> When considering appeals from summary judgments, the Court will review the record in the light most favorable to the party against whom judgment was entered. Facts set forth by affidavit or otherwise in support of a party's motion are taken as true unless contradicted by the non-moving party's response to the summary judgment motion. We accord the non-movant the benefit of all reasonable inferences from the record.
>
> Our review is essentially *de novo*. The criteria on appeal for testing the propriety of summary judgment are no different from those which should be employed by the trial court to determine the propriety of sustaining the motion initially. (Citations omitted).

The court also said:

> The purpose of summary judgment under Missouri's fact-pleading regime is to identify cases (1) in which there is no genuine dispute as to the facts and (2) the facts as admitted show a legal right to judgment for the movant....
>
> ....
>
> This second showing is merely incidental to the first. The key to summary judgment is the undisputed right to judgment as a matter of law; not simply the absence of a fact question.

*Id.* at 380.

■ After reviewing the record in the light most favorable to Insurer and Tenant, we hold that Landlord is not entitled to a summary judgment as a matter of law.

■ The exculpatory clause must be in plain terms to exonerate the Landlord from its own acts of negligence. In *Thomas v. Skelly Oil Co.*, 344 S.W.2d 320, 322 (Mo.App. 1960), the court held:

> In Missouri, parties may legally bind themselves to indemnify against liability for future acts of negligence. *Sinclair Refining Co. v. Stevens*, 8 Cir., 123 F.2d 186, 189; *Kansas City Stock Yards Co. v. A. Reich & Sons, Mo.*, 250 S.W.2d 692, 698.

However, to be binding on the adverse party, the contract must *clearly* indicate that such indemnity provisions apply in cases of damage resulting from the negligent acts of the party claiming the benefits of the contract. *Meyer Jewelry Co. v. Professional Building Co.* (K.C.), Mo.App., 307 S.W.2d 517, 521. There we said: "In line with the great weight of authority we hold that since the lease does not in plain terms exonerate the appellant-landlord from its own acts of negligence, it does not bar plaintiff's claims." In *Missouri District Tel. Co. v. Southwestern Bell Tel. Co.*, 338 Mo. 692, 93 S.W.2d 19, 28 (en banc), the Supreme Court said: "It is well settled that a contract of indemnity will not be construed to indemnify the indemnitee [agent] against losses resulting to him through his own negligent acts, *where such intention is not expressed in unequivocal terms.*"

In *Meyer Jewelry Co. v. Professional Bldg. Co.*, 307 S.W.2d 517 (Mo.App.1957), the case Tenant primarily relies upon, the court recognized that an agreement must clearly indicate that exculpatory provisions must be in plain and clear terms in order to apply to claims arising from negligent acts of the party claiming no liability because of contractual release. In *Meyer* and in the present case, Tenant or Insurer sued Landlord for water damage to property. The court's analysis in *Meyer* is analogous to the instant case. In *Meyer*, the lease provided that,

> "[t]he Lessor shall not be liable for any damage occasioned by failure to keep said premises in repair and shall not be liable for any damage done to property or any person in said building at any time ... or from any damages arising from the acts or negligence of co-tenants or other occupants of the same building...."

The *Meyer* court held:

> The above provision does not exempt the landlord from liability due to its negligence. As is to be seen, the first part of the provision deals with damages occasioned by certain causes within the control of the appellant-landlord, and the latter part deals with damages arising from acts or causes of co-tenants.... When dis-

cussing damages caused by co-tenants and others than the landlord the lease says: "arising from the acts or *negligence* of the co-tenants * * *," but at no time is the word "negligence" used in the lease with regard to damages caused by acts of the landlord.

307 S.W.2d at 520.

In *Meyer* and in this case Tenant alleged Landlord acted negligently in several respects. Like *Meyer*, the exculpatory provision in the lease agreement here does not exculpate Landlord from its own negligence because the lease agreement fails to address in plain terms the Landlord's liability arising as a consequence of its own negligence.

Landlord directs our attention to *Govero v. Standard Oil Co.*, 192 F.2d 962 (8th Cir. 1951), and a similar line of cases. In *Govero*, the tenant sued the landlord for personal injuries and property damage sustained by an explosion at a leased gasoline station. A covenant in the lease agreement stated that the landlord was not liable for any loss or damage arising out of the tenant's use of the premises or from the "installation, existence, use, maintenance, condition, repair, alteration, or removal of any equipment thereon, whether due in whole or in part·to negligent acts or omissions of the Lessor, its agents or employees."

*Govero* is distinguishable from the present case because the exculpatory clause in the *Govero* lease explicitly recites, "whether due in whole or in part to negligent acts or omissions of the Lessor." The *Govero* lease exempts the landlord from liability arising out of its own negligence in plain and clear terms. We find no such language in the lease agreement at issue.

For the reasons earlier stated, we hold that Landlord is not entitled to indemnification from Tenant for any loss arising from Landlord's own acts of negligence. See *Missouri Dist. Tel. Co. v. Southwestern Bell Tel. Co.*, 338 Mo. 692, 93 S.W.2d 19, 28 (1935) (well settled that a contract of indemnity will not be construed to indemnify the indemnitee against losses resulting from the indemnitee's own negligent acts, where such intention is not expressed in unequivocal terms).

The judgment is reversed and the cause is remanded to the trial court for further proceedings.

SHRUM, C.J., and FLANIGAN, J., concur.